*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC WAYNE DECKER,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 355506
Allegan Circuit Court
LC No. 17-020978-FH

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I agree that this case is moot as defendant has been discharged from custody. However, I would nevertheless address the issue raised as it is likely to evade judicial review given that the sentence for this offense is in many cases shorter than the time it takes to process an appeal—particularly where the conviction is plea based and therefore can only be appealed by leave. See *In re Tchakarova*, 328 Mich App 172, 180; 936 NW2d 863 (2019).

MCL 257.625a contemplates a driver refusing to submit to a preliminary breath test (PBT), but imposes consequences on the driver for doing so. Refusal to submit to a PBT makes the driver of a personal vehicle "responsible for a civil infraction," MCL 257.625a(2)(d).[1] With regard to a chemical breath test, if the driver refuses, then the test may not be given without a court order. MCL 257.625a(6)(b)(*iv*). But the refusal of the chemical breath test will result in the driver's license being suspended and six points on the person's driving record. MCL 257.625a(6)(b)(*v*). MCL 257.625a(9) also acknowledges that a person can refuse to submit to a chemical breath test and provides limitations on how to instruct a jury regarding the refusal. Taken as a whole, it seems clear that a defendant may refuse a PBT and/or a chemical breath test, but that there are defined consequences for doing so. The statute requires that the defendant be advised of those consequences. Nothing is said regarding whether a consequence of the refusal includes that it will be used to score OV 19.

---

[1] If the driver was operating a commercial motor vehicle, then the refusal is a misdemeanor. MCL 257.625a(5).

The statute gives the driver a choice. Take the tests or suffer the consequences set forth in the statute. Because the statute allows the defendant to elect between those two options, the defendant's decision to refuse is not an interference with the administration of justice. See *People v Stricklin*, 327 Mich App 592; 935 NW2d 59 (2019). As a result, in the event that we were to address the merits, I would conclude that the trial court erred by scoring OV 19 at ten points.

Finally, the prosecution argues that defendant's false statements regarding how much he had to drink forms a basis for scoring OV 19 in this case. I would reject that conclusion. I do not believe that OV 19 was intended to increase punishment—in some cases substantially—on the grounds that a defendant refused to admit that he is guilty of the suspected offense or failed to voluntarily provide inculpatory evidence in response to a police question.

/s/ Douglas B. Shapiro